IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TREVOR L. FISHER                                                              PLAINTIFF

vs.                                    Civil No. 2:16-cv-02128

NANCY A. BERRYHILL                                                            DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Trevor L. Fisher ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his disability applications on September 19, 2013. (Tr. 8, 113-142, 231-244). In his applications, Plaintiff alleges being disabled due to bipolar borderline personality and headaches. (Tr. 275). Plaintiff alleges an onset date of March 16, 2011. (Tr. 8). These applications were denied initially and again upon reconsideration. (Tr. 113-142).

Plaintiff requested an administrative hearing on his applications. (Tr. 189-190). This request was granted, and Plaintiff's administrative hearing was held on October 1, 2014 in Fort Smith,

Arkansas. (Tr. 28-70). At this hearing, Plaintiff was present and was represented by Fred Caddell. *Id.* Plaintiff, a witness for Plaintiff, and Vocational Expert ("VE") Jim Spraggins testified at this hearing. *Id.* During this hearing, Plaintiff testified he was thirty-seven (37) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (DIB) and 20 C.F.R. § 416.963(c) (SSI). (Tr. 35). As for his education, Plaintiff testified he completed two years of college. *Id.*

On April 2, 2015, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 5-19). The ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2014. (Tr. 10, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 16, 2011, his alleged onset date. (Tr. 10, Finding 2). The ALJ determined Plaintiff had the following severe impairments: mood disorder, not otherwise specified; dysthymic disorder; bipolar disorder; cannabis abuse, episodic; anxiety disorder; and borderline personality disorder. (Tr. 10-11, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 11-13, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 13-17, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but that he has nonexertional limitations. Specifically, the claimant is able to perform work where interpersonal contact is incidental to the work performed and where the complexity of tasks is learned and performed by rote with few variables and little judgment. The supervision required is simple, direct and

2

concrete.

*Id.*

The ALJ then considered Plaintiff's Past Relevant Work ("PRW"). (Tr. 17-19, Finding 6). Considering his RFC, the ALJ determined Plaintiff retained the capacity to perform his PRW as a construction worker II. *Id.* Because Plaintiff retained the capacity to perform his PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from his alleged onset date of March 16, 2011 through the date of his decision or through April 2, 2015. (Tr. 19, Finding 7).

Plaintiff sought review with the Appeals Council. (Tr. 26-27). On May 10, 2016, the Appeals Council denied his request for review. (Tr. 1-3). On June 10, 2016, Plaintiff filed his Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 6, 13, 15. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.   Discussion:**

In his appeal brief, Plaintiff argues the ALJ erred in finding he was not disabled. ECF No. 13 at 8-16. Specifically, he argues the ALJ erred in his evaluation of his medical records. *Id.* The ALJ found Plaintiff was not disabled because his impairments were controlled with medication. (Tr. 13-17). In response, Plaintiff argues his impairments were not controlled with medication. ECF No. 13 at 8-16. As such, he claims his case must be reversed and remanded.

In making his argument, Plaintiff primarily argues that the ALJ erred in rejecting the opinions of his counselor, Ms. Susan Smith and his treating physician, Dr. Robert G. Bishop, M.D. ECF No. 13 at 13-17. As for the opinions of Ms. Smith, the ALJ fully evaluated her opinions but discounted them for several reasons, including the fact they were "not consistent with her own treatment notes that show she consistently found the claimant's memory intact and his concentration, judgment, and insight to be good." (Tr. 17). The ALJ also noted Ms. Smith provided opinions regarding Plaintiff's limitations in July of 2013 despite the fact she had not treated him since February of 2013 and Plaintiff had only been receiving sporadic treatment. *Id.* Thus, the Court cannot find the ALJ erred in discounting her findings.[1]

Further, as for Dr. Bishop, the ALJ also fully considered his opinions. (Tr. 17). After considering those opinions, the ALJ discounted them because they were "inconsistent with other evidence of record" and were "outside the doctor's area of expertise." *Id.* Indeed, the opinions

---

[1]Additionally, as a counselor, Ms. Smith is not an "acceptable medical source," and her opinions are not entitled to controlling weight. 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).

which Plaintiff claims the ALJ was required to adopt were on a two-page "checklist" form. (Tr. 496-498). Such a form is entitled to no deference between it contains no more that conclusory opinions without any evidentiary basis. *See, e.g., Piepgras v. Chater,* 76 F.3d 233, 236 (8th Cir. 1996) (recognizing "[a] treating physician's opinion deserves no greater respect than any other physician's opinion when the treating physician's opinion consists of nothing more than vague, conclusory statements."). Thus, the Court cannot find the ALJ improperly considered Dr. Bishop's findings.

As a final point, the ALJ considered Plaintiff's substance abuse in his decision to discount his subjective complaints. (Tr. 13-17). Plaintiff claims this was in error, and the ALJ should have determined whether Plaintiff's substance abuse was a contributing factor material to a determination of disability. ECF No. 15 at 5-6. However, in his opinion, the ALJ found Plaintiff was not disabled at Step Four of the Analysis. The ALJ *did not* find Plaintiff was disabled at Step Five and then need to determine whether this standard applied. Thus, the Court also finds this is not a basis for reversal.

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 16th day of May 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE